UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACQUELYN RONEE MICKENS,
an individual,

      Plaintiff,

v.

Case No.:

GENUINE DATA SERVICES
a foreign for-profit corporation,

      Defendant.
_____/

# COMPLAINT

Plaintiff, JACQUELYN RONEE MICKENS (hereinafter, "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, GENUINE DATA SERVICES, a foreign corporation ("Defendant"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681, *et seq*. (hereinafter, the "FCRA") and the Florida Deceptive and Unfair Trade Practices Act, Fl. Stat. §501, *et seq*. ("FDUTPA"). Plaintiff is an individual and a consumer as defined by the FCRA and FDUTPA. She is also a veteran of the United States Army. Defendant is a consumer reporting agency under the FCRA and is also subject to the FDUTPA. Defendant

violated the FCRA when it reported inaccurate criminal history and employment information ("Inaccurate Information") on Plaintiff's personal consumer credit reports and credit files that did not belong to her. Upon information and belief, the Inaccurate Information belonged to Plaintiff's twin sister. Defendant's false and inaccurate reporting caused Plaintiff to be denied housing as well as other damages as set forth below.

2. Defendant's conduct also violated the FDUTPA as set forth below.

## JURISDICTION, VENUE, AND PARTIES

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, as well as pursuant to the FCRA, 15 U.S. C.§ 1681, *et seq*.

4. Defendant is also liable unto Plaintiff pursuant to the laws of the State of Florida, which claims may be brought under the supplemental jurisdiction of this Court. 28 U.S.C. § 1367, *et seq*.

5. Defendant is subject to the jurisdiction of this Court as Defendant regularly transacts business in this District and prepared and sold a consumer report about Plaintiff in this District.

6. Venue is proper in this District as Defendant resides in this District.

7. At all material times herein, Plaintiff was a natural person residing in Tampa, Florida, and a veteran of the United States Army.

8. At all material times herein, Defendant was a for-profit corporation and

a consumer reporting agency. Defendant may be served via its registered agent, to wit: Legalinc Registered Agents, Inc., 6650 Rivers Ave., Suite 200, North Charleston, South Carolina 29406.

## FCRA STATUTORY STRUCTURE

9. Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 United States Code, Section 1681a.

10. Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b) (emphasis added).

11. Any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer, is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; statutory damages of not less than $100 and not more than $1,000; such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorneys' fees. 15 U.S.C. § 1681n.

12. Under the FCRA, any person who is negligent in failing to comply

with any requirement imposed with respect to any consumer, is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. 15 U.S.C. § 1681o.

13. Defendant is liable to Plaintiff under the FCRA.

## GENERAL ALLEGATIONS

14. At all material times herein, Plaintiff was a "consumer" as defined by 15 U.S. C.§ 1681a(c) and 15 U.S. C. § 1692a(4).

15. At all material times herein, Defendant was a "person" as defined by 15 U.S. C.§ 1681a(b).

16. At all material times herein, Defendant reported inaccurate information in the form of criminal history and former employment on Plaintiff's personal consumer credit reports, to wit: criminal convictions referenced by criminal Case #21-CF-004346-A.

17. Case #21-CF-004346-A reports two separate guilty adjudications, a felony possession of cannabis and a misdemeanor possession of drug paraphernalia.

18. Plaintiff is a 100% service-connected disabled veteran of the United States Army and has no criminal history. She was not convicted of the crimes above nor even charged with them. They do not belong to her in any way.

19. Defendant has also reported Plaintiff's twin sister's name, Jacquay

Mickens, and Jacquay Mickens' former employer, Costco, on Plaintiff's personal consumer credit reports and credit files.

20. At all material times herein, Defendant was a "consumer reporting agency" as defined in 15 U.S. C.§ 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.

21. Defendant disburses such consumer reports to third parties under contract in return for monetary compensation.

22. At all material times herein, Defendant acted itself or through its respective agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

23. All necessary conditions precedent to the filing of this action occurred, or Defendant voluntarily waived the same.

## FACTUAL ALLEGATIONS

24. Plaintiff's name is Jacquelyn Ronée Mickens.

25. Plaintiff has a twin sister with the same birthdate and named Jacquay Lashae Mickens. Plaintiff and her sister do not have the same Social Security Number, address, driver's license number, telephone number, or email address.

26. In June 2023, Plaintiff retired from the United States Army with a

100% service-connected disability rating.

27. Plaintiff has never worked for Costco.

28. Plaintiff has no criminal history, either adult or juvenile.

29. Since Plaintiff's retirement from the Army, she and her family have had difficulty finding landlords who will rent to Plaintiff, without Plaintiff knowing why.

30. In July 2024, Plaintiff and her family were looking to lease a new apartment in Tampa, and decided to apply at the Boulevards, a property managed by TRG Management Company, LLLP ("TRG").

31. TRG is a large multistate property management company based in Florida that boasts of 20,000 residences managed across more than 100 different properties.

32. Plaintiff filled out a lease application using her identifying information, and TRG, through its employees at Boulevards, submitted Plaintiff's identifying information to Defendant for the purposes of obtaining a consumer report on Plaintiff from Defendant.

33. Defendant transmitted and published a consumer report to a consumer reporting agency RealPage, Inc. (not a party to this action) who then transmitted and published that report to the Boulevards for Plaintiff that contained the above-referenced inaccurate, false, and derogatory information that does not belong to

Plaintiff.

34. Defendant claims on its website that it "strives for excellence in criminal data aggregation in order to supply our clients with the data they need to build the most competitive information solutions."

35. Plaintiff was shocked, embarrassed, and upset when TRG (through the Boulevards) informed Plaintiff that the background check came back with a criminal history and that the Boulevards refused to rent to her.

36. Plaintiff knows that the criminal history -- the two drug convictions -- belong to Plaintiff's sister, Jacquay Lashae Mickens.

37. Plaintiff desperately wanted the apartment, so she went to the Hillsborough County Court to obtain a Certificate of No Record stating that the Clerk had made a diligent search of all misdemeanor, felony and juvenile records from the year 2000 (Plaintiff was born in 1996) finding no criminal history for Plaintiff.

38. Plaintiff requested a copy of the consumer report and her credit file directly from RealPage.

39. RealPage provided Plaintiff with a duplicate of the report that it had published and transmitted to the Boulevards/TRG.

40. The report that RealPage had published and transmitted to the Boulevards contained two criminal convictions, the name of Plaintiff's twin sister,

which were sourced from Defendant's "excellent" criminal data aggregation methods.

41. The report Defendant published and transmitted to RealPage which was then published to the Boulevards contained the criminal convictions and name of Plaintiff's twin sister.

42. The criminal history appears on the RealPage report as follows:

[IMAGE FOLLOWS]

**Criminal & Other Records**
Run date 7/31/2024
Offender information

| ID | Jur code | Name | Birth date | SSN | Photo/Description |
|---|---|---|---|---|---|
| 1 | FLCTYHILLSBOROUGH | MICKENS, JACQUAY | 10/19/xxxx | | SEX: f RACE_ETHNIC: black |

Offense information - ID column indicates association between offender and offense

| ID | Jur code | Disposition | Type/Level | Charge | Record Date | ORIC/ County | Note |
|---|---|---|---|---|---|---|---|
| 1 | FLCTYHILLSBOROUGH | NT - ADJUDGED GUILTY | F | 893136A-DRUG2102 (FT) POSSESSION OF CANN | 07/19/2021 | Case#21-CF-004346-A | |
| 1 | FLCTYHILLSBOROUGH | NT - ADJUDGED GUILTY | M | 8931471-DRUG8102 (MF) POSSESSION OF DRUG | 07/19/2021 | Case#21-CF-004346-A | |

Source and Vendor Information

| Jur Code | Source | Vendor Information |
|---|---|---|
| FLCTYHILLSBOROUGH | Florida Hillsborough County | Genuine Data Services, LLC |

43. Type "F" means felony.

44. Type "M" means misdemeanor.

45. "Drug 8102" is possession of drug paraphernalia.

46. "Drug 2102" is felony possession of cannabis.

47. Plaintiff has no criminal history.

48. Defendant could have easily figured that out because the names and social security numbers for Plaintiff and her sister are different. They also do not

share an address or telephone number or email address or IP address. They do not share any joint credit accounts or loans. Plaintiff's sister is not a veteran.

49. Defendant has been the subject of other lawsuits brought by individuals alleging similar misconduct as what is alleged here.

50. In *Nigel Jackson v. Genuine Data Services, LLC.,* No. 3:22-cv-985-MGL (D. SC) it was alleged that Defendant published obsolete criminal history information about a consumer and "routinely violates […] FCRA provisions in its issuance of consumer reports to resellers like non-party RealPage." Dkt. 1, p. 2.

51. Plaintiff is a disabled veteran on a fixed, but dependable source of income and would be an excellent tenant.

52. But Defendant's lack of reasonable procedures for preparing accurate reports about consumers' criminal histories almost made Plaintiff's family homeless.

53. Plaintiff and her family were crammed into Plaintiff's grandmother's house for months, unable to rent, which caused substantial strain on Plaintiff and her family.

54. Plaintiff's grandmother reached the point where she was no longer able to house Plaintiff's family, and they were almost homeless.

55. At the last minute, Plaintiff was able to rent through Towers to Trenches, a program for disabled veterans and first responders.

56. Plaintiff is worried that if she ever has a background check in the future that this false information could stop her from renting, obtaining employment, insurance or credit.

57. Plaintiff is afraid to apply for housing with new landlords, so when it was time to renew her lease, Plaintiff felt she had no choice but to accept a new lease for an additional $250 per month rather than try take the risk that a background check could contain inaccurate information supplied by Defendant. On Plaintiff's fixed income, $250 per month is a significant burden for the family.

## **DAMAGES**

58. Defendant's conduct constitutes a reckless preparation of a consumer report about Plaintiff resulting in its report of erroneous information belonging to a third-party on Plaintiff's consumer credit reports, as the above-referenced erroneous information—including an erroneous criminal history—unequivocally indicates that such personal information and trade-line information resulted from a mixed credit file with another person and should not be reported on Plaintiff's credit reports.

59. In today's age of digital piracy, the safekeeping of one's personal and sensitive information—such as addresses, telephone numbers, account numbers, and social security numbers—are of paramount importance.

60. Plaintiff retained Undersigned Counsel for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay her attorneys a reasonable

fee for their services.

61. The FCRA, Sections 1681n and/or 1681o, provide for the award of up to $1,000 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

62. Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that she would be denied credit as a result of the erroneous and incorrect reporting of the erroneous Account.

63. Plaintiff suffered additional actual damages in the form of damage to her credit reputation, higher credit costs, and Plaintiff is unable to apply for new credit for fear that she would be denied because of the objectively inaccurate reporting referenced herein.

64. Furthermore, Plaintiff suffers ongoing actual damages because she fears that Defendant will again allow information to appear on Plaintiff's credit reports in the future that does not belong to Plaintiff, as Defendant has already done, and because Defendant is unfortunately used by so many landlords and property managers.

## COUNT ONE:
## FAIR CREDIT REPORTING ACT –
## <u>VIOLATION OF 15 U.S. C.§ 1681e(b)</u>

Plaintiff re-alleges paragraphs one (1) through sixty-four (64) as if fully restated herein and further states as follows:

65. Defendant is subject to, and violated, 15 U. S. C. § 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports and credit files published and maintained concerning Plaintiff.

66. Defendant willfully failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer reports. In the alternative, Defendant's violations were negligent.

67. Specifically, Defendant reported *at least* two (2) erroneous criminal convictions that did not belong to Plaintiff, and instead, belonged to a third-party.

68. Such reporting is false and evidences Defendant's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports and credit file.

69. The conduct of Defendant constitutes a willful decision to report erroneous information belonging to a third-party on Plaintiff's consumer credit reports, as the above-referenced erroneous information unequivocally indicates a mixed credit file between Plaintiff and a third-party, clearly demonstrating that such

information should not have been reported on Plaintiff's credit reports.

70. As a result of the conduct, actions, and inactions of Defendant, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendant's derogatory and continued reporting of the Account, did not wish to further damage her credit scores with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account that was not hers.

71. Furthermore, Plaintiff suffers ongoing actual damages because she fears that Defendant will again allow information to appear on Plaintiff's credit reports in the future that does not belong to Plaintiff, as Defendant has already done.

72. The conduct of Defendant was a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

73. Defendant's violations of 15 United States Code, Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

a. Judgment against Defendant for actual damages, statutory damages, punitive damages, attorney's fees and costs under the FCRA; and

b. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

This 16th day of January, 2026.

Respectfully submitted,

*/s/ John A. Love*
**John A. Love**
**Florida Bar No. 67224**
2500 Northwinds Parkway
Suite 330
Alpharetta, GA  30009
(tel.) 404.855.3600
(fax) 404.301.2300
tlove@loveconsumerlaw.com

**SaraEllen Hutchison (Washington State Bar No. 36137,** *Pro Hac Vice to be requested*)
1102 A ST STE 300 PMB 66
Tacoma, WA 98402
Telephone: 206-529-5195
Fax: 253-302-8486
Email: saraellen@saraellenhutchison.com

**Justin M. Baxter (Washington State Bar No. 39182,** *Pro Hac Vice to be requested)*
justin@baxterlaw.com
BAXTER & BAXTER, LLP
8835 SW Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
justin@baxterlaw.com

*Counsel for Plaintiff*